1 | ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
2 | 10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
3 | Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255
4 |
Attorneys for Plaintiff
5 | GIOVANNI CAPITELLO

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

| GIOVANNI CAPITELLO, | ) | Case No: 2:16-CV-3169 |
|---|---|---|
| Plaintiff, | ) | **COMPLAINT FOR:** |
| vs. | ) | **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| COASTLINE RECOVERY SERVICES, INC., and DOES 1 through 10, inclusive, | ) | **(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendants. | ) | |

COMPLAINT

Plaintiff Giovanni Capitello hereby complains against defendants Coastline Recovery Services, Inc. ("Coastline"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased an automobile on credit, which was financed by a lender, Wells Fargo Dealer Services. Wells Fargo took a security interest in the vehicle, which was collateral for the loan. Wells Fargo, either directly or through a third party repossession forwarder, hired defendant Coastline to conduct a repossession of plaintiff's vehicle.

2. Defendants repossessed plaintiff's vehicle by entering private property which was secured by a closed and security-coded gate, without permission. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

3. In violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, Coastline failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written inventory of the personal items it had seized.

## JURISDICTION AND VENUE

4. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

6. Plaintiff is a natural person over the age of 18 years and is a resident of

the state of California.

7.   Defendant Coastline Recovery Services, Inc. is a California corporation.

8.   Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

9.   Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

10.   Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

11.   Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

12.   Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

13.     Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

14.     Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k.  Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA.  The nature of defendants' violations justifies the maximum statutory damages award available.

15.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

16.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

18.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

19.     The defendants at all times relevant herein were "debt collectors"

within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

20. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendants violated Bus. & Prof. Code § 7502.1(a) and committed misdemeanors by violating Bus. & Prof. Code §§ 7507.9 and 7501.10, and Bus. & Prof. Code § 7508.2(d). Defendants also committed the crime of trespass.

21. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

22. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

23. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

24. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  May 9, 2016

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
      Alexander B. Trueblood

Attorneys for Plaintiff
GIOVANNI CAPITELLO