STEPHEN M. RINKA (SBN 219626)
**THE RINKA LAW FIRM**
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9653
Facsimile: (310) 579-8768
Email: Stephen.rinka@gmail.com

Attorneys for Defendant
COASTLINE RECOVERY SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GIOVANNI CAPITELLO;<br><br>Plaintiff,<br><br>vs.<br><br>COASTLINE RECOVERY SERVICES, INC., and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 16–CV–3169-CAS (SSx)<br><br>**DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S ANSWER TO COMPLAINT** |

Defendant, Coastline Recovery Services, Inc. ("Coastline"), by its undersigned counsel, hereby answers the Complaint of Plaintiff Giovanni Capitello ("Plaintiff"), admitting, denying and averring and asserts affirmative defenses as follows:

1.  Admitted in part; denied in part. Coastline admits that it was hired by Wells Fargo to conduct the physical taking of plaintiff's vehicle. Coastline denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph.

2.  Coastline denies the allegations contained in paragraph 2.

3. Coastline denies the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. Coastline avers that the Plaintiff has plead subject matter jurisdictional requirements. Except as expressly averred herein, Coastline is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 4, and on that basis denies generally and specifically each and every other averment contained in paragraph 4.

5. Coastline admits the averments contained in paragraph 5 of the Complaint.

## PARTIES

6. Coastline lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 6 of the Complaint.

7. Coastline admits the allegation contained in paragraph 7.

8. Coastline lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 12 of the Complaint.

9. Coastline denies the allegations contained in paragraph 9.

## FIRST CAUSE OF ACTION

10. Answering paragraph 10 of the Complaint, Coastline incorporates by reference its responses to paragraphs 1 – 9 of the Complaint.

11. Coastline avers that Plaintiff has quoted the cited statues. Except as expressly averred herein, Coastline denies generally and specifically each and every other averment contained in paragraph 11 of the Complaint.

12. Coastline denies all allegations contained in paragraph 12.

13. Coastline denies all allegations contained in paragraph 13.

The Rinka Law Firm
1801 Century Park East, Suite 2400
Los Angeles, California 90067

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
ANSWER TO COMPLAINT
CASE NO.: 16-CV-3169-CAS (SSX)

2

14. Coastline denies all allegations contained in paragraph 14.

15. Coastline denies all allegations contained in paragraph 15.

## SECOND CAUSE OF ACTION

16. Answering paragraph 16 of the Complaint, Coastline incorporates by reference its responses to paragraphs 1 – 15 of the Complaint.

17. Coastline avers that Plaintiff has quoted the cited statues. Except as expressly averred herein, Coastline denies generally and specifically each and every other averment contained in paragraph 17 of the Complaint.

18. Coastline admits that "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person. Civil Code § 1788.2(d). Coastline further admits that Plaintiff is a natural person. Except as expressly admitted herein, Coastline is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 18, and on that basis denies generally and specifically each and every averment contained in paragraph 18.

19. Coastline denies all allegations contained in paragraph 19.

20. Coastline denies that it violated Civil Code §1788.10(a) by using criminal means to cause harm to the property of Plaintiff nor did it violate Bus. & Prof. Code § 7502.1(a) and commit misdemeanors by violating Bus. & Prof. Code §§ 7507.9 and 7501.10. Coastline is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 20, and on that basis denies generally and specifically each and every averment contained in paragraph 20.

21. Coastline denies all allegations contained in paragraph 21.

22. Coastline denies all allegations contained in paragraph 22.

23. Coastline denies all allegations contained in paragraph 23.

24. Coastline denies all allegations contained in paragraph 24.

The Rinka Law Firm
1801 Century Park East, Suite 2400
Los Angeles, California 90067

## PRAYER FOR RELIEF

25. Coastline denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

26. Coastline asserts the following affirmative and other defenses, which it designates, collectively, as "affirmative defenses." Coastline's designation of its defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of its claims for relief. Defendant incorporates (as if fully set forth therein) this express denial each and every time it references "Plaintiff."

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

27. Defendant is informed and believes, and on that basis alleges that Plaintiff's Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

28. Defendant is informed and believes, and on that basis alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the applicable statute of limitations, CCP § 335-349.4, including but not limited to CCP § 337.1, § 337.15, § 337(1), §338, §339 and §340 et seq.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

29. Defendant is informed and believes, and on that basis alleges that Plaintiff and/or Plaintiff's insured failed to take proper and reasonable steps to avoid or to mitigate the damages alleged and, to the extent of such failure to mitigate or to avoid damages, any recovery by Plaintiff should be reduced accordingly.

The Rinka Law Firm
1801 Century Park East, Suite 2400
Los Angeles, California 90067

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
ANSWER TO COMPLAINT
CASE NO.: 16–CV–3169-CAS (SSX)

4

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

30. Defendant is informed and believes, and on that basis alleges it acted lawfully and within its legal right, with a good faith belief in the exercise of its rights and in furtherance of a legitimate business purpose, and that its actions were justified and reasonable under circumstances based on the information available.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel, Waiver and Failure to Notify)

31. Defendant is informed and believes, and on that basis alleges that Plaintiff's allegations in her Complaint are barred by estoppel and waiver, due to the failure to give this answering Defendant notice of defects, if any, and a reasonable opportunity to cure any alleged defects.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

32. Defendant is informed and believes, and on that basis alleges that Plaintiff's Complaint is barred because Plaintiff consented to Defendant's acts or omissions, if any.

## SEVENTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

33. Even assuming the alleged misconduct, Defendant was acting pursuant to the instructions of co-defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

34. Defendant is informed and believes and on that basis alleges that to the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars claims in the Complaint and in each purported count contained therein.

The Rinka Law Firm
1801 Century Park East, Suite 2400
Los Angeles, California 90067

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
ANSWER TO COMPLAINT
CASE NO.: 16-CV-3169-CAS (SSX)

5

## NINTH AFFIRMATIVE DEFENSE

(Cure)

35. Defendant is informed and believes and on that basis alleges that to the extent Plaintiff avers that the Rosenthal Act was violated, such violation was cured with respect to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(Purported Rosenthal Act Violation Unintentional)

36. Defendant is informed and believes and on that basis alleges that to the extent Plaintiff avers that the Rosenthal Act was violated, any such violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid such violation.

## ELEVENTH AFFIRMATIVE DEFENSE

(Non-Joinder of Indispensible Parties)

37. Defendant is informed and believes, and on that basis alleges that Plaintiff has failed to join all indispensable parties to Defendant in its action herein.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

38. Defendant is informed and believes, and on that basis alleges Plaintiff lacks standing to bring her claim as to all or a portion of the claims averred in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Penalties)

39. Defendant is informed and believes, and on that basis alleges that to the extent that Plaintiff claims penalties such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

//

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies at Law)

40. Defendant is informed and believes, and on that basis alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Dormant Commerce Clause)

41. The Complaint, and each of its claims for relief asserted therein, are barred because the relief sought would pose unreasonable barriers and substantial burdens on interstate commerce in violation of the dormant commerce clause.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 7507.13)

42. The Complaint, and each of its claims for relief asserted therein, are barred by California Business and Professions Code Section 7507.13.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

57. Defendant is informed and believes, and on that basis alleges that Plaintiff is barred from pursuing the causes of action set forth in the Complaint due to laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

58. If it is determined that Defendant violated the FDCPA, any such violation was unintentional and the result of a bona fide error as defined in 15 U.S.C. Section 1692k(c).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

59. The Complaint, or a portion of the claims for relief asserted therein, is barred in whole or in part because the California Bureau of Security and

The Rinka Law Firm
1801 Century Park East, Suite 2400
Los Angeles, California 90067

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
ANSWER TO COMPLAINT
CASE NO.: 16–CV–3169-CAS (SSX)

7

Investigative Services has primary jurisdiction over Plaintiff's claims for relief.

## TWENTIETH AFFIRMATIVE DEFENSE

(Additional Defenses)

60. Defendant reserves the right to assert additional defenses that it may learn of through the course of discovery.

WHEREFORE, Coastline respectfully requests that this Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Coastline its costs of suit and expenses incurred herein, including reasonable attorney fees, and order such other and further relief as the Court deems just.

Dated: May 26, 2016            THE RINKA LAW FIRM

                               By: ___/s/___ Stephen M. Rinka
                                   Stephen M. Rinka
                                   Attorneys for Defendant,
                                   COASTLINE RECOVERY
                                   SERVICES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and no a party to the within action. My business address is 1801 Century Park East, Suite 2400, Los Angeles, CA 90067.

    On May 31, 2016, I served the foregoing documents entitled **DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S ANSWER TO COMPLAINT; NOTICE OF INTERESTED PARTIES** on all interested parties in this action addressed and sent as follows:

Alexander B. Trueblood
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Ph.: 310-443-4139
Fax: 310-943-2255
Email: alec@hush.com; atrueblood@pacerntoice.com

    Said document was electronically filed with the United States District Court, Central District of California, using the *CM/ECF* system. The Court's CM/ECF system will send an email notification of the foregoing filing to the parties and counsel of record who are registered with the Court's *CM/ECF* system in this matter.

☐     **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 31, 2016, at Los Angeles, California.

                                              /s/ Stephen M. Rinka
                                                Stephen M. Rinka